SEALED                        FILED

AO 91 (Rev. 01/09) Criminal Complaint

## UNITED STATES DISTRICT COURT
for the
Western District of Texas

FEB 2 4 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                 DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  SA14-MJ-206 |
| CARL WADE BAILES | ) | |
| Defendant | ) | |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __09-20-12__ in the county of __Bexar__ in the __Western__ District of Texas, the defendant violated __18__ U.S.C. § __2252A(a)(2)__, an offense described as follows:

knowingly distributing any child pornography using any means and facility of interstate and foreign commerce.

This criminal complaint is based on these facts:
see attached affidavit in support of criminal complaint.

✓ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Jeff Allovio, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 2-24-2014

_____
Judge's signature

City and state: San Antonio, Texas

Henry J. Bemporad, United States Magistrate Judge
Printed name and title

MAXIMUM PENALTIES:
20 years imprisonment; $250,000 fine; lifetime supervised release; & $100 special assessment

# SEALED

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI). I have been a Special Agent for thirty (30) years, and am currently assigned to the San Antonio Division. I am assigned to investigations involving child sexual exploitation and online child sexual exploitation. I am also a former supervisor overseeing the San Antonio Division's Innocent Images National Initiative Program, the program that investigates these violations. I have gained experience in the conduct of such investigations through formal training and on-the-job training. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. This affidavit is being submitted in support of an Application for an Arrest Warrant for **CARL WADE BAILES**, date of birth: August 14, 1975, address: 15684 Flatten Road, San Antonio, Texas 78223.

3. On September 20, 2012, and October 4, 2012, the Oklahoma City Division of the FBI working in an undercover capacity accessed the Internet utilizing the peer to peer file sharing program named Limewire and conducted a search for child pornography being trafficked over the Internet. Among the responses from the search on both dates were responses that were traced to the account at 15684 Flatten Road, San Antonio, Texas 78233. The lists of files that were available for download on both dates included numerous files with names consistent with child pornography. Twenty (20) of the files were downloaded by the FBI on September 20, 2012, and eleven (11) files were downloaded by the FBI on October 4, 2012. The majority of these files consist of images depicting the sexual abuse and exploitation of prepubescent children.

4. Based on the information developed by the Oklahoma City Division, the case was referred to the San Antonio Division of the FBI. The FBI in San Antonio (hereafter referred to as the FBI) determined that the residents at the address of 15684 Flatten Road, San Antonio, Texas 78223 included two adults, **Carl Wade Bailes (Bailes)**, a white male, date of birth: August 14, 1975, his wife and their three minor children. The FBI also discovered, that Carl Bailes had been arrested on October 10, 2012, by the local authorities for the aggravated sexual assault of two children, hereafter referred to as child victim #1 (CV#1) and child victim #2 (CV#2).

5. On October 10, 2012, Bailes was asked to come to the Bexar County Sheriff's Office (BCSO) for an interview. Bailes brought his laptop computer with him to the meeting with the BCSO.

✓

6. Interviews conducted by Child Safe in San Antonio, Texas, of CV#1 and CV#2 disclosed long term, systemic, sexual abuse being perpetrated by Bailes against these victims, along with the use of grooming methods commonly used by child sexual predators to include causing children to watch adult and child pornography. CV1 reported that Bailes showed CV#1 child pornography material on his computer, some of which he manufactured which depicted Bailes engaged in sexually explicit conduct with a child.

7. On October 22, 2012, a federal search warrant was obtained and executed authorizing the seizure and search of a number of pieces of digital media, including the laptop computer Bailes brought to the BCSO. A forensic review of Bailes' laptop computer conducted by the FBI reflected that the Limewire and Frostwire file sharing programs had been downloaded and installed. An index search, conducted for the file names that were distributed from Bailes' computer to the FBI both on September 20 2012 and October 4, 2012, was performed and several of the file names that were distributed on these two dates had been downloaded and possessed on Bailes' computer. The forensic analysis showed these files were recently deleted. The files had been stored under a Frostwire directory for downloads, and the Frostwire directory had been recently deleted. Also discovered during the forensic analysis were several carved files that depicted child pornography.

8. A review of the files that had been distributed from the Bailes' residence to the FBI on September 20, 2012 and October 4, 2012, reflected the majority of the image files have file names that include terms associated with child pornography. In addition, the image files were observed to contain child pornography of prepubescent girls, some who appear to be under the age of five, being sexually exploited and involved in a variety of sexual acts, to include prepubescent children being anally and vaginally penetrated by an adult male penis, and prepubescent children performing oral sex on an adult male's erect penis.

9. Further investigation determined that on October 4, 2012, Bailes was removed from his residence by local law enforcement and began living in a motel. On or about October 5, 2012, a friend and associate of Bailes came to the Bailes' residence at Bailes' request to pick-up personal items for Bailes, to include clothes and Bailes' laptop computer. The computer was thereafter in Bailes' possession until he was arrested by the BCSO on October 10, 2012. Bailes' laptop computer was used solely by Bailes.

10. In January 2014, the FBI was informed that Bailes was released on bond. On January 6 and 7, 2014, Bailes was interviewed by the FBI. Bailes was aware that the FBI had previously been to his residence in October 2012 and had spoken to his wife after Bailes had been arrested on local charges. Bailes was of the belief that the FBI inquiry at that time in 2012 was based on the allegation that he produced pornographic pictures of CV#1. Bailes reported that the computer he brought to the BCSO was his personal computer, and he used it on a regular basis.

11. Bailes was advised by the interviewing Agents that there were two occasions, specifically September 20, 2012, and October 4, 2012, where an FBI downloaded child pornography files that were being shared from his computer through a file sharing program. Copies of the downloaded child pornography images were shown to Bailes by the interviewing Agents. Bailes did not deny he had downloaded these images and did not deny they had been on his computer system. He simply stated there was no child pornography at his residence.

12. Bailes told the FBI that he had no knowledge as to how his computer came to possess child pornography, and it was a coincidence that CV1 and CV2 accused him of sexual assault during the same time the FBI received child pornography from Bailes' computer. Bailes said he had downloaded the Limewire and Frostwire file sharing programs in order to download music. He acknowledged that he was fully aware of the capabilities and how file sharing systems work and function. He further explained how you open the program and type in search terms for what you want to receive and to see who is trading. He denied at this time ever using file sharing programs to download child pornography.

13. Based on the FBI undercover operation downloads and the forensic review, child pornography and the Frostwire program were unequivocally on Bailes computer between the FBI undercover operation download dates of September 20, 2012 and October 4, 2012. These programs and the corresponding child pornography files were deleted just prior to when he turned over the laptop computer to the BCSO. An FBI forensic review conducted on January 9, 2014, reflected that on October 9, 2012, "selected modifications" were made within the Frostwire Application directory resulting in deletions. The FBI forensic review revealed the last two programs accessed on the laptop computer were Firefox and Eraser, a wiping program that was downloaded on or about October 7, 2012. This activity occurred when the computer was in the sole possession of Bailes, just prior to him meeting at the BCSO on October 10, 2012.

APPLICATION

14. Based on the aforementioned facts, your Affiant respectfully submits that there is probable cause to believe that **CARL WADE BAILES** did knowingly distribute any child pornography, using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer in violation of Title 18, United States Code Section 2252A(a)(2); and knowingly possessed material that contains an image of child pornography that has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code Section 2252A(a)(5)(B).

_____
Jeffrey M. Allovio
Special Agent, FBI
San Antonio, Texas


SWORN TO BEFORE ME THIS 24TH DAY OF FEBRUARY 2014.

_____
HONORABLE HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE