```
 1                  UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
 2                      SAN ANTONIO DIVISION

 3  UNITED STATES OF AMERICA,   )
                                )
 4       Plaintiff,             )
                                )
 5        vs.                   )  Docket No. SA-14-CR-211(1)-FB
                                )
 6  CARL WADE BAILES,           )  San Antonio, Texas
                                )  November 6, 2014
 7       Defendant.             )
    _____)
 8
                     TRANSCRIPT OF MOTION HEARING
 9               BEFORE THE HONORABLE FRED BIERY
                 CHIEF UNITED STATES DISTRICT JUDGE
10
    A P P E A R A N C E S:
11
    FOR THE PLAINTIFF:
12       UNITED STATES ATTORNEY'S OFFICE
         By:  Tracy Thompson, Esquire
13       601 N.W. Loop 410, Suite 600
         San Antonio, TX  78216
14
    FOR THE DEFENDANT:
15       FEDERAL PUBLIC DEFENDER'S OFFICE
         By:  R. Clark Adams, Esquire
16       727 East Cesar E. Chavez Blvd., Room B-207
         San Antonio, TX  78206
17
    COURT REPORTER:
18       CHRIS POAGE
         United States Court Reporter
19       655 E. Cesar E. Chavez Blvd., Rm. 314
         San Antonio, TX  78206
20       Telephone:  (210) 244-5036
         chris_poage@txwd.uscourts.gov
21
    Proceedings reported by stenotype, transcript produced by
22  computer-aided transcription.

23

24

25
```

```
 1        (Open court, defendant present)
 2            THE COURT:  Next will be Mr. Bailes, if I'm
 3   pronouncing that correctly, in 14-CR-211.  Mr. Bailes, if
 4   you'll come up.  We have a motion pending that I think I just
 5   saw this morning.  Yeah, it was filed yesterday.
 6            All right.  Mr. Bailes, in 14-CR-211, if you'll raise
 7   your right hand, please.
 8        (The oath was administered)
 9            THE COURT:  Are you the same Carl Wade Bailes,
10   represented presently by Mr. Adams --
11            THE DEFENDANT:  Yes, Your Honor.
12            THE COURT:  -- who's charged here with child
13   pornography?
14            THE DEFENDANT:  Yes, Your Honor.
15            THE COURT:  And, Ms. Thompson, I had some reason to
16   think that there might be something other than just the usual
17   child pornography case.  Are there other counts?  Because I
18   don't have the indictment right in front of me.
19            MS. THOMPSON:  Your Honor, there is a superceding
20   indictment that charged Mr. Bailes with production of child
21   pornography for engaging in sexual activity with a minor and
22   documenting that sexual activity.
23            THE COURT:  Okay.  So the prison ranges,
24   minimum/maximum, would be what if convicted on all charges?
25            MS. THOMPSON:  On all charges he faces 210 years
```

1  imprisonment.
2          **THE COURT:**  Okay.  Because they could run
3  consecutively?
4          **MS. THOMPSON:**  Correct.  And his guideline range is
5  360 to life.  So by law they should be stacked to get to 210
6  years if convicted of all charges.
7          **THE COURT:**  Okay.  And, Mr. Bailes, do you understand
8  the charges against you?
9          **THE DEFENDANT:**  Yes, Your Honor.
10         **THE COURT:**  All right.  And you filed -- I'm sorry.
11 Mr. -- well, first of all, you wrote a very lengthy letter,
12 which I perused.  And perhaps you didn't know, but now you
13 know, we don't do things in secret.  So when people like you
14 write letters to me --
15         I've got -- I've already got that.  I've got the
16 motion.
17         -- I send them off to both sides so that Mr. Adams
18 doesn't send me something secret unless -- exceptions to it.
19 But Mr. Adams and Ms. Thompson know everything that's going on.
20 We don't -- in some places they -- back in history they had the
21 Star Chamber where things got done in secret.  And in today's
22 cultures people have secret courts.  In fact, from what I
23 understand, in Mexico the defendant doesn't necessarily have to
24 be in court.  The judge just reads the report and says, "Yep,
25 Mr. Bailes is guilty," whether he's there or not.  We don't do

1  things that way.  So similarly, when you send me things, I send
2  it out, unless there's a reason to seal it.  But there wasn't
3  in your case.
4          So, of course, you had some things -- some concerns
5  about Mr. Adams as your lawyer.  Mr. Adams now has presented
6  his motion asking for a divorce between you and him as lawyer
7  and client.  And I probably will grant it.  But I'm going to
8  tell you that, first of all, we have about a hundred lawyers on
9  each side, of the government and the defense, in these kind of
10 cases.  Out of, I think, 7,000 lawyers in this 14-county area
11 there are only a hundred that are allowed to represent the
12 United States, and there are only about a hundred allowed to
13 represent you in this courthouse.  And Mr. Adams is one of
14 them.
15         And, of course, his office is the Public Defender
16 office.  They go through extra training and experience.  And
17 then Mr. Featherston, who was here earlier, he's a group of
18 private counsel who go through extra training and have extra
19 experience to be able to get on the appointment list.  You
20 can't just show up with a law license and get appointed because
21 we want it done correctly.  So the Court has great confidence
22 in Mr. Adams and the other lawyers that they do it correctly.
23 And if I grant the motion, then you will be appointed new
24 counsel.
25         However, we're not going to do that every time you

1  get a new lawyer that you don't like what you hear.  And the
2  analogy that I'm going to give you is I'm sure when you were on
3  the aircraft carrier -- and you said you had some physical
4  health issues, so you've been to doctors before, right?
5          **THE DEFENDANT:**  Yes, Your Honor.
6          **THE COURT:**  So if someone goes to a doctor -- by the
7  way, is that a Masonic tattoo on your --
8          **THE DEFENDANT:**  Yes, Your Honor.
9          **THE COURT:**  Okay.  Officer Vernon, do you have one of
10 those Masonic tattoos?
11         **PROBATION OFFICER:**  No, sir.  I was told you're not
12 supposed to do that.
13         **THE COURT:**  Nor do I.  Are you actually an active
14 Mason?
15         **THE DEFENDANT:**  Currently I'm pending suspension,
16 Your Honor.
17         **THE COURT:**  Okay.  All right.  What blue lodge?  San
18 Antonio or --
19         **THE DEFENDANT:**  Yes, Your Honor.  I'd rather not say
20 which lodge.
21         **THE COURT:**  At which one?
22         **THE DEFENDANT:**  I would rather not say which lodge,
23 Your Honor.  I do not want to bring anything to them.
24         **THE COURT:**  Okay.  All right.  Well, we may be
25 members of the same lodge.  I don't know.  My father grew up in

1   a Masonic orphanage, along with his aunt -- his sister and
2   brother because there was no Social Security back in those
3   days.  And so the widows -- women couldn't make a living.  And
4   so the widows had to put their kids in the orphanages.  And
5   fortunately, the Masons had a facility to educate and raise
6   them.  My uncle said he would rather there had been Social
7   Security.  He could have stayed home.
8           At any rate, so you've been to a doctor.  And the
9   doctor says, "Mr. Bailes, because of your, perhaps, exposure to
10  radiation on the Abraham Lincoln, you have six months to live."
11  And you say, "Man, I don't like that.  I want to go get a
12  second opinion."
13          So you go to another doctor.  And he says, "Mr.
14  Bailes, because of your exposure to radiation on the aircraft
15  carrier, you have six months to live."  Well, nobody would want
16  to hear that.  I had a brother-in-law who heard that
17  information, and he didn't like it.  My sister didn't like it.
18  But he died just like the doctor said he was going to.
19          Mr. Adams is your legal doctor.  You may not like
20  what he's telling you.
21          I presume, Mr. Adams, you've been involved in this
22  case long enough to have looked at the government's evidence
23  and made some at least preliminary analysis and given Mr.
24  Bailes your advice and counsel, without telling me obviously
25  what you told him?

1    **MR. ADAMS:**  Yesterday my investigator went to review
2  the newest evidence, yes.
3    **THE COURT:**  Okay.  All right.  So, Mr. Bailes, you
4  may not like what Mr. Adams tells you, but -- and I don't know
5  what another lawyer will tell you.  But you may not like what
6  the next lawyer tells you.  But, again, as you have heard me
7  tell these folks today, it's your choice.  All Mr. Adams can do
8  or any lawyer is say:  Here it is.
9    **MR. ADAMS:**  Your Honor, if I may, this is a status
10 conference.  Today was intended to be -- to firm up the trial
11 date.  Right now it's December 8th, if I'm not mistaken.
12   **THE COURT:**  Right.  Right.  And that's why I say "if"
13 I grant the motion, because this has been set for trial now.
14 And if you want a trial, that's fine.  But I've got 250 other
15 defendants like you on Ms. Vela's docket.  And so you don't
16 just get to -- you don't get to manage the docket.  Ms. Vela
17 manages the docket.
18   **THE DEFENDANT:**  Your Honor, if I may, it's not the
19 fact that I don't like what Mr. Adams is telling me.  It's the
20 fact that Mr. Adams hasn't told me anything.  I mean, I was
21 told there was a new indictment.  I was told of the original
22 indictments.  That was it.  After a few brief visits -- in the
23 past nine months I've seen him maybe three times, and each one
24 10 to 15 minutes, and then he gets up and leaves.  And I have
25 no idea what's going on.  I have not been told anything.

1  That's the concern that I have, Your Honor.  It's not that I
2  don't care for what he's saying.  He's not saying anything.
3          **THE COURT:**  Well, I guess the ultimate question today
4  is, do you want to go to trial or not?
5          **THE DEFENDANT:**  I would like a trial.  Yes, Your
6  Honor.  Unless the charges are going to be dropped against me,
7  I would love a trial.  Yes, Your Honor.
8          **THE COURT:**  Okay.  All right.  Well, Mr. Adams,
9  obviously, if your motion is granted, then that takes care of
10 the speedy trial issue until new counsel gets up to speed.
11         Mr. Bailes, it may be quite some time because you
12 go -- it's kind of like what the immigration advocates say:  We
13 want the people who are here illegally to go to the end of the
14 line.  So in terms of these other folks who are going to trial
15 or who are pleading guilty and getting their punishment set and
16 so forth, you may go to the end of the line.  And I can't --
17 certainly within the speedy trial rules, we'll do the best we
18 can.  But there are all kinds of exceptions to the speedy trial
19 rules.  Right now you have a definite, firm trial setting of
20 the first part of December.
21         That is complicated somewhat -- Mr. Adams, usually I
22 get these motions from the defendant.  But now you're saying
23 that you just feel like, as an officer of the Court and giving
24 proper loyalty to your client, you just can't do it?
25         **MR. ADAMS:**  Correct.

```
 1            THE COURT:  Okay.  Well, I don't -- Ms. Thompson, I
 2   don't know that I've got much choice but to grant the motion.
 3            All right.  Well, Mr. Bailes, do you have any
 4   wherewithal -- well, first of all, have you talked to any other
 5   lawyers besides Mr. Adams?  You don't have to tell me who or
 6   what they said, but have you talked to any other lawyers?
 7            THE DEFENDANT:  No, Your Honor.
 8            THE COURT:  Do you have the wherewithal to hire your
 9   own lawyer?
10            THE DEFENDANT:  No, Your Honor.
11            THE COURT:  Okay.  All right.  Well, I will consult
12   with Ms. Vela when we get finished.  And, Ms. Vela, if you'll
13   make a note.  And then I'll decide who to appoint, and then
14   they will come and visit with you.
15            Mr. Adams, to the extent you have a file with
16   investigative materials, he'll turn that over to your new
17   lawyer, and then we'll set another date somewhere down the
18   line.  On the other hand, once you hear the advice of your new
19   lawyer and if you don't want a trial, then you need to let the
20   lawyer know so we can get this resolved.  Do you have any
21   questions?
22            THE DEFENDANT:  No, Your Honor.
23            THE COURT:  Mr. Adams, anything further?
24            MR. ADAMS:  No, Your Honor.  Thank you.
25            THE COURT:  Ms. Thompson?
```

1      **MS. THOMPSON:**  No, Your Honor.
2      **THE COURT:**  All right.  Good luck.  Thank you, sir.
3  You may go with the marshals.
4  * * *
5     (End of requested transcript)

Chris Poage, RMR, CRR
United States Court Reporter

```
 1                             -oOo-
 2          I certify that the foregoing is a correct transcript
 3   from the record of proceedings in the above-entitled matter.  I
 4   further certify that the transcript fees and format comply with
 5   those prescribed by the Court and the Judicial Conference of
 6   the United States.
 7
 8   Date:   1/10/2016
                             /s/ Chris Poage
 9                           United States Court Reporter
                             655 E. Cesar E. Chavez Blvd., Rm. 314
10                           San Antonio, TX  78206
                             Telephone:  (210) 244-5036
```