```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                        SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,               )
                             )
       vs.                   )  Docket No. SA-14-CR-211(1)-FB
                             )
CARL WADE BAILES,            )  San Antonio, Texas
                             )  July 9, 2015
    Defendant.               )
_____)

                  TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE FRED BIERY
                CHIEF UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:
    UNITED STATES ATTORNEY'S OFFICE
    By:  Tracy Thompson, Esquire
    601 N.W. Loop 410, Suite 600
    San Antonio, TX  78216

FOR THE DEFENDANT:
    GROSS & ESPARZA, PLLC
    By:  Michael Gross, Esquire
    106 S. St. Mary's, Suite 260
    San Antonio, TX  78205

COURT REPORTER:
    CHRIS POAGE
    United States Court Reporter
    655 E. Cesar E. Chavez Blvd., Rm. 314
    San Antonio, TX  78206
    Telephone:  (210) 244-5036
    chris_poage@txwd.uscourts.gov

Proceedings reported by stenotype, transcript produced by
computer-aided transcription.
```

```
 1          (Open court, defendant present)
 2              THE COURT:  Next will be Cause No. SA-14-CR-211 for
 3   the pretrial, United States of America versus Carl Wade Bailes.
 4   Announcements for the United States.
 5              MS. THOMPSON:  Good morning, Your Honor.  Tracy
 6   Thompson appearing on behalf of the United States.
 7              MR. GROSS:  Good morning, Your Honor.  Michael Gross
 8   for Carl Bailes.
 9              THE COURT:  All right.  Ms. Vela, do you have the
10   indictment?
11              THE CLERK:  Yes, sir.
12              THE COURT:  All right.  For right now, Mr. Bailes,
13   you can have a seat there because we're going to take up some
14   legal things.
15              All right.  For the record, for those not familiar
16   with this, this is a multi-count indictment charging Mr. Bailes
17   with Count 1 of knowingly distributing child pornography; Count
18   2, knowingly distributing; Count 3, knowingly receiving child
19   pornography; Count 4, knowingly possessing child pornography
20   involving a prepubescent minor that had been shipped in
21   interstate commerce; Count 5, another knowingly possessing
22   child pornography; Count 6 -- this is all in the 2011/2012 time
23   period.  Count 6 is knowingly enticing, inducing, persuading,
24   employing, using and coercing a minor denominated as Child
25   Victim 1 to engage in sexually explicit conduct for the purpose
```

1  of producing a visual depiction of such conduct.
2              And then Count 7, also in June of 2011 through
3  September of 2012, knowingly employing, using, persuading,
4  inducing, enticing and coercing a minor denominated as Child
5  Victim 2 to engage in sexually explicit conduct for purposes of
6  producing a visual depiction of such conduct.
7              And I take it from the witness list, Ms. Thompson,
8  that Child Victim 1 and 2 are the daughters of the defendant?
9              **MS. THOMPSON:**  Yes, Your Honor.
10             **THE COURT:**  I mean, it's going to come out.
11             **MS. THOMPSON:**  Yes.
12             **THE COURT:**  All right.  And so, Mr. Gross, is your
13 client still insistent on putting his daughters through this?
14             **MR. GROSS:**  Yes, sir.  He and I have discussed this
15 at length, and he's insisting on trial, sir.
16             **THE COURT:**  All right.  Very well.
17             And then, Ms. Thompson, the other -- there's another
18 person with the same last name whom I'm assuming is -- looks
19 like a female name, the mother of the daughters?
20             **MS. THOMPSON:**  The mother of the children will
21 testify, and the brother, the son of the defendant, the brother
22 of the victims, may also testify.
23             **THE COURT:**  Okay.  So that's the other person with
24 the same last name?
25             **MS. THOMPSON:**  Correct, Your Honor.

1         **THE COURT:** And then generally all of these other
2    witnesses are law enforcement and -- okay. So it doesn't
3    appear -- oh, internet legal compliance. Let's do witness
4    number 11. Are we going to be able to get through that
5    exhibit, Mr. Gross, without Ms. Deakin physically showing up in
6    terms of AT&T records?
7         **MR. GROSS:** Yes, sir. We don't need to -- this case,
8    just to let you know, Chief Judge, we agree that what's on the
9    laptop is child pornography. We don't agree that we had the
10   laptop for that. There's no need to show -- if the government
11   and the Court want to do that, there's no need to show images.
12   We'll stipulate that that's child pornography. We'll also
13   stipulate --
14        **THE COURT:** Why don't you come to the lectern there.
15        **MR. GROSS:** Yes, sir.
16        **THE COURT:** Hold on. I want to make some notes.
17        **MR. GROSS:** This is -- the defense is not going to be
18   in this case, Your Honor, without divulging too much, about
19   authenticity or custodians coming in and laying foundation.
20   There's no need, as far as Mr. Bailes and I are concerned, to
21   show images or anything to the jury because we will stipulate
22   that it's child pornography. Our defense is that we didn't
23   have anything to do with it, sir.
24        **THE COURT:** Even as to the daughters?
25        **MR. GROSS:** Yes, sir.

1      **THE COURT:**  Okay.  All right.
2      **MR. GROSS:**  So if that makes it easier for the Court
3  to gauge timewise and whatnot, we're not going to be objecting
4  to authenticity or foundation or we're not going to try
5  claiming that the images that were found are not child
6  pornography.  That's not our defense in the case.
7      **THE COURT:**  Okay.  The defense is that it was
8  somebody other than Mr. Bailes?
9      **MR. GROSS:**  Yes, sir.
10     **THE COURT:**  Okay.
11     **MR. GROSS:**  Yes, sir.
12     **THE COURT:**  So it's witness ID -- I mean, defense ID?
13     **MR. GROSS:**  Yes, sir.  Yes, sir.
14     Now, the only concern I had, Chief Judge,
15  evidence-wise, since you've touched on it, is Mr. Bailes is
16  also charged currently in state court with aggravated sexual
17  assault regarding these two children.  And what we were hoping
18  to do is keep that state court case from bleeding into this
19  federal case as far as all the allegations in the state court
20  case.  We were hoping to keep those out.
21     **THE COURT:**  All right.  So you either have or will
22  file a motion in limine on that?
23     **MR. GROSS:**  Yes, sir.
24     **THE COURT:**  Okay.  All right.  Well, let's take up
25  first, Ms. Thompson, that the defense has no objection to not

showing the images. Obviously, that would -- not that we're going to spend a lot of time because we're just going to flash them up. On the other hand, even briefly having to look at those kinds of things are very distasteful on the -- to particularly these lay jurors. On the other hand, the Court certainly can understand from the government's standpoint of feeling a need to show some of that. So what's the government's position?

        **MS. THOMPSON:** The government won't stipulate not to show any child pornography images. That will certainly narrow down the number of images we show. Because if they're stipulating that it is child pornography and they are real children, we won't have to establish that. But I won't agree not to show any of it. It is part and parcel of the case.

        And that leads into the sexual abuse that was going on with at least one of these children for years. The sexual abuse of the two children involved in Count -- in the last two counts is inextricably intertwined in the case. It is the subject of the production of child pornography case.

        Furthermore, there will be testimony that Mr. Bailes showed these children child pornography earlier. The oldest child was shown child pornography at a very young age on the computer. So that will -- why he was showing them child pornography, to try and groom them and engage in sexual activity with them, is important to show also the identity of

1  Mr. Bailes as the one that is using the computer to distribute
2  and receive and possess child pornography.  So for -- I didn't
3  give notice.  I think under 413 and 414 all of that evidence is
4  admissible because it's inextricably intertwined.
5           **THE COURT:**  All right.  But as far as mentioning the
6  actual state court prosecution, do you have any intent or need
7  to do that?
8           **MS. THOMPSON:**  No, Your Honor.
9           **THE COURT:**  Okay.  All right.  So that's granted.
10          **MS. THOMPSON:**  Now, through the course of the case,
11 because the two cases overlapped, he does get arrested by the
12 Bexar County Sheriff's office, and that happens at the same
13 time he voluntarily turns over his computer.  So they will --
14 the jury's going to hear that he turned over his computer.  I
15 guess we can keep out the fact that he was arrested.  I don't
16 intend to bring up that any charges were ever filed.  I don't
17 know what was filed.
18          **THE COURT:**  Well, and the fact that law enforcement
19 agency "A" arrested him and it's a federal case, it doesn't --
20 I mean, it doesn't matter.  In other words, there could have
21 been a federal warrant out, and he gets stopped for a traffic
22 ticket, and SAPD arrests him on the federal warrant so --
23 without having to go into the state allegations.  So that's
24 fine.
25          **MS. THOMPSON:**  So the government's motion to admit

1  the business records is granted?

2          **THE COURT:**  Without opposition, Mr. Gross?

3          **MR. GROSS:**  Yes, sir.  That's correct.

4          **THE COURT:**  Okay.  So that's granted.  So Ms. Deakin

5  doesn't have to come.

6          **MS. THOMPSON:**  On that same note, Your Honor, we have

7  a foundation witness for text messages that were received by

8  CV1 and also a foundation witness for the camera that contained

9  the camera card.  And those witnesses are only being called for

10 that purpose.  So do I assume they won't need to be called

11 either?

12         **MR. GROSS:**  That's correct, Your Honor.  We don't --

13 I'm sorry, Chief Judge.

14         **THE COURT:**  Well, I'm just trying to figure out --

15 who are those people?

16         **MS. THOMPSON:**  Shawn Tobleman, number -- well, I have

17 a different list.  Shawn Tobleman from the Bexar County

18 Sheriff's office.

19         **THE COURT:**  Okay.

20         **MS. THOMPSON:**  And Special Agent Larry Baker from the

21 FBI.

22         **THE COURT:**  Okay.  So FBI Agent Baker, witness number

23 two, and Deputy Kobryn, witness number 14.

24         **MS. THOMPSON:**  No, Deputy Tobleman.

25         **THE COURT:**  Oh, Tobleman.  I'm sorry.

1        **MS. THOMPSON:**  Yes.  Sorry, Your Honor.

2        **THE COURT:**  Witness number 17.

3        Mr. Gross, those can be -- that whatever they would say can be stipulated to and admitted?

5        **MR. GROSS:**  As custodians.  That's correct, Your Honor.

7        **THE COURT:**  As custodians.

8        **MR. GROSS:**  We're not going to say, "Hey, you haven't proven that these are text messages from AT&T or received on this date."  That's not our defense in the case.

11       **THE COURT:**  All right.  And let's see.  Brian -- number 13, witness Brian Needham, the manager of the InTown Suites.  What is that about?

14       **MS. THOMPSON:**  He is going to testify that Mr. Bailes rented a room there from October 4th through October 11th.  And he's also going to testify about the wireless internet access that is provided to all patrons at the InTown Suites, that we found on the defendant's computer showing that he did access the internet and use the computer on specific dates while he was at the InTown Suites.  There is a discrepancy on when he got the computer during that timeframe and what he did with it.

22       **THE COURT:**  Okay.  All right.  Mr. Gross, what's the defense position on Mr. Needham being here or not?

24       **MR. GROSS:**  I don't need him here for our case, Your Honor, because all he has is a printout, Your Honor.  Mr.

Bailes and I have gone over it. That printout shows a particular number for InTown Suites that relates to their wi-fi going to a room and the room connecting on the wi-fi on a given date. I mean, it's just a printout from a computer. There's no need to call him if the government doesn't want to. I didn't plan on having any questions for him because all he's going to do is put in an InTown Suites showing this IP address from InTown Suites connecting to a certain laptop with a certain name on a laptop. So it's fine with me, Your Honor, if he doesn't show up.

**THE COURT:** Well, Ms. Thompson, I'll leave it to you. If you want to try to draft a stipulation, fine. If you want to bring Mr. Needham live, that's fine.

**MS. THOMPSON:** Your Honor, I have the government's witnesses here, and I have a witness book of the non-contraband evidence for Mr. Gross. Perhaps if we have a chance to go through that together, we can stipulate to a lot of that evidence.

**THE COURT:** Okay.

**MS. THOMPSON:** That will shorten the trial.

**THE COURT:** Okay. All right. Well, I'll wait to hear from you-all then.

Let's see. And the others listed here are people who would testify to factual happenings and/or statements?

**MS. THOMPSON:** Correct. Given what the defense has

just said about they're not making an issue out of foundation or whose items they were, it's just that Mr. Bailes did not have control of them and did not put that information on there, the government would expect to call probably nine witnesses.

**THE COURT:** Okay. All right. And let's look now -- first of all, while I'm thinking of it, Ms. Thompson, do you wish to do 15 minutes or so of voir dire?

**MS. THOMPSON:** Yes, Your Honor.

**THE COURT:** Mr. Gross, I assume the same?

**MR. GROSS:** Yes, sir.

**THE COURT:** Okay. So 15 minutes each on voir dire after the Court does its portion.

And have you-all, either of you -- are going to submit proposed questions?

**MR. GROSS:** Yes, sir.

**MS. THOMPSON:** Yes, sir.

**THE COURT:** All right. So do that. And I think the jury charge is probably in pretty good shape.

**MR. GROSS:** Yes, sir.

**THE COURT:** We can look at that later.

And, Mr. Gross, again, while I'm thinking of it, I made a note: Clothing for Mr. Bailes. What's the status of that, for the marshals?

**MR. GROSS:** I have spoken to Mr. Bailes about that, Your Honor. We have some folks that will have coat and tie for

1  him.  Now, the last federal trial I did in front of Judge
2  Rodriguez where my client was in custody, the marshals were
3  requesting that I bring the clothing that morning so that the
4  individual could change here.  And I assume that's still the
5  case now, that they change here at the courthouse in the
6  morning.
7         **THE COURT:**  Yeah.  That's fine.
8         **MR. GROSS:**  So I'll have it here.  I assume, Chief
9  Judge, you want to start at 0830 Monday, right?
10         **THE COURT:**  Well, I have a swearing in at 8:30 of new
11  probation officers, which won't take long.  So you-all -- and
12  we won't get a panel until 9:30 at the earliest.
13         Are we first, Ms. Vela?
14         **THE CLERK:**  We don't know yet.
15         **THE COURT:**  Don't know yet.  Okay.  Well, 9:30 is the
16  earliest we would get a panel.
17         **MR. GROSS:**  I'll have the clothes here well before
18  then, sir.
19         **THE COURT:**  All right.  That's fine.
20         And then speaking of -- the panel number, we can
21  certainly fill up this whole area with 66, Mr. Miller?
22         **COURT SECURITY OFFICER:**  Yes, Your Honor.  We'll use
23  all 12 rows, 33 on each side.
24         **THE COURT:**  Okay.  I think that's enough.  But if
25  you-all think, because of the sensitive nature of this, that we

Chris Poage, RMR, CRR
United States Court Reporter

1  need more, we can put 14 more in the box.  Ms. Thompson, what's
2  your thinking?
3         **MS. THOMPSON:**  I believe 66 will be sufficient, Your
4  Honor.
5         **THE COURT:**  Mr. Gross?
6         **MR. GROSS:**  I agree, sir.
7         **THE COURT:**  Okay.  All right.  Now let's look at the
8  government's exhibit list.  So given what we've talked about so
9  far, Mr. Gross, can all these be admitted without objection or
10 at least narrow down a whole lot of it?
11        **MR. GROSS:**  If the prosecutor and I, Your Honor,
12 could take maybe about 15 minutes this morning, I think we'll
13 be able to come to an agreement.  Like I say, Chief Judge, the
14 evidence is coming in, and we're not denying it.  We're just
15 denying -- exactly, sir.  So I think we'll be able to do that,
16 sir.
17        **THE COURT:**  Okay.  And if there's some that you want
18 to hold back for whatever reasons, that's fine.  And the
19 government will have to lay the predicate and so forth.  But if
20 we don't need to do that, then --
21        **MR. GROSS:**  I don't think we'll need to, Chief Judge.
22 And I think we'll be able to tell you this morning how many of
23 those can be admitted right away on Monday.  It's not going to
24 be that kind of case.
25        **THE COURT:**  All right.  Well, then you-all can work

1  on that and then tell Ms. Vela so she can mark her list of
2  what's not admitted --
3          **MR. GROSS:**  Yes, sir.
4          **THE COURT:**  -- by agreement.
5          **MR. GROSS:**  Yes, sir.
6          **THE COURT:**  And although, I'm looking at -- I'm
7  looking here at Exhibit 51, which I find of interest, a '69
8  Chevrolet.
9          **MR. GROSS:**  It's just a photograph.
10         **THE COURT:**  It's, yeah, a photograph.  Ms. Thompson,
11 what's that about?
12         **MS. THOMPSON:**  It goes to show who is using that
13 computer at a specific time.
14         **THE COURT:**  Okay.  All right.  And the Masonic
15 history of the CIA.  That would be interesting.
16         **MS. THOMPSON:**  It's sort of a day in the life.  This
17 is what's going on at the computer while child pornography is
18 being accessed.
19         **THE COURT:**  Okay.  All right.  Very well.
20         And, Ms. Thompson, how long do you want for opening
21 statement?
22         **MS. THOMPSON:**  20 minutes should be sufficient.
23         **THE COURT:**  Okay.  Mr. Gross, is that enough?
24         **MR. GROSS:**  Oh, yes, sir.
25         **THE COURT:**  Okay.  And then you can decide whether to

1    do it -- are you going to put on evidence, or do you know yet?
2        **MR. GROSS:**  I believe we are, Chief Judge.  After Mr.
3    Bailes and I look at the exhibits that the prosecutor brought
4    today, it'll help me confirm it.  Right now if I do put on a
5    case, it would not be more than half a day, Chief Judge.
6        **THE COURT:**  Okay.  All right.  But potentially --
7        **MR. GROSS:**  I'm sorry.  With my regular -- it could
8    be a full day.  I take that back.
9        **THE COURT:**  All right.  And potentially other
10   witnesses besides Mr. Bailes, if he chooses to testify?
11       **MR. GROSS:**  Yes, sir.  That's correct.
12       **THE COURT:**  Okay.  All right.
13       **MR. GROSS:**  Here's why I say that, Chief Judge.  The
14   prosecutor and I have spoken about this, and I don't want to
15   speak for her, but I think there'll be character witnesses that
16   are going to come in and testify for Mr. Bailes.  And what the
17   prosecutor and I had been talking about is if they're going to
18   be able to ask these character witnesses about the pending
19   state case.  And I feel comfortable that she's not going to do
20   that.  There's other things she'll ask, which I understand.
21   But I just wanted to make sure, though, everyone's comfortable
22   today with the fact that if a character witness were to
23   testify, they wouldn't be asked about, "Are you aware of the
24   pending state case for ag. sex assault," type deal?
25       **THE COURT:**  Ms. Thompson?

1               **MS. THOMPSON:**  I won't ask about the pending state
2    charges.  I may ask about the behavior involved.
3               **THE COURT:**  The who?
4               **MS. THOMPSON:**  The behavior --
5               **THE COURT:**  Yes, because --
6               **MS. THOMPSON:**  -- involved in those charges, but I
7    will not mention that there are other charges filed.
8               **THE COURT:**  Right.  But that's alleged in the federal
9    indictment?
10              **MS. THOMPSON:**  Correct.
11              **THE COURT:**  Okay.  Well, that's fine.
12              **MR. GROSS:**  So I anticipate some character witnesses,
13   Your Honor.  And Mr. Bailes and I will decide if he's going to
14   testify, sir.  So I think it would take about a day for the
15   defense.
16              **THE COURT:**  Okay.  All right.  Ms. Thompson.
17              **MS. THOMPSON:**  Your Honor, if I could just get the
18   names of the character witnesses as soon as they're known so
19   that we can run criminal background checks on them.
20              **THE COURT:**  Okay.  When can you do that?
21              **MR. GROSS:**  I would think I would be able to do that
22   by tomorrow morning, Chief Judge, if that's okay, sir.
23              **THE COURT:**  That's fine.
24              **MR. GROSS:**  There's not very many.
25              **THE COURT:**  Okay.  By 11:00 tomorrow morning.

1    **MR. GROSS:** Aye, sir.

2    **THE COURT:** And, Ms. Thompson, any other limine
3 matters or any other pretrial matters at this time?

4    **MS. THOMPSON:** The only other issue, Your Honor, is
5 the U.S. Attorney's office will set up a screen that will be
6 right behind the prosecution table in order to show the jury
7 the various exhibits, including any contraband. And so they
8 will set it up such that the Court can see it. And the Court
9 can have a separate monitor, if Your Honor wishes. But the
10 jury will see it. The witness will see it.

11    In order to prevent anybody from -- in the audience
12 to see it, we may need to have the defendant and defense
13 counsel move around to the other side of the table. But they
14 will have an exhibit book so that any exhibit we show, they
15 will have a full copy of it in the book and won't need to see
16 the screen necessarily except for the contraband.

17    **THE COURT:** The contraband won't be in the book, will
18 it?

19    **MS. THOMPSON:** No.

20    **THE COURT:** Okay. All right. And when they set up
21 the big screen for the jury, be sure to have them put it over
22 here first because I won't be able to see the panel, the jury
23 panel.

24    **MS. THOMPSON:** Okay. Yes, Your Honor. It will stay
25 there over the weekend.

1    **THE COURT:** Okay. All right. That's fine.
2    Any other limine matters or any other pretrial
3 matters for the United States?
4    **MS. THOMPSON:** Nothing, Your Honor. Thank you.
5    **THE COURT:** Mr. Gross, for the defense, anything?
6    **MR. GROSS:** No, sir.
7    **THE COURT:** All right. Very well. We'll see you-all
8 at 9:00 Monday morning. Thank you.
9 * * *
10    (End of requested transcript)

Chris Poage, RMR, CRR
United States Court Reporter

```
1                              -oOo-
2           I certify that the foregoing is a correct transcript
3    from the record of proceedings in the above-entitled matter.  I
4    further certify that the transcript fees and format comply with
5    those prescribed by the Court and the Judicial Conference of
6    the United States.
7
8    Date:   1/10/2016
                             /s/ Chris Poage
9                            United States Court Reporter
                             655 E. Cesar E. Chavez Blvd., Rm. 314
10                           San Antonio, TX  78206
                             Telephone:  (210) 244-5036
```