# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

FILED
FEB - 2 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES OF AMERICA

v.

CARL WADE BAILES

Defendant.

Case Number: 5:14-CR-00211-FB(1)
USM Number: 32600-380

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)
(*To correct clerical error on imprisonment page.*)

The defendant, CARL WADE BAILES, was represented by Michael Clark Gross, Esquire.

The defendant was found guilty on Count(s) One (1), Two (2), Three (3), Four (4), Five (5), Six (6) and Seven (7) of the Second Superseding Indictment by a jury verdict on July 15, 2015. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2252A(a)(2)&(b) | Distribution of Child Pornography | September 20, 2012 | 1ss |
| 18 USC §§ 2252A(a)(2)& (b) | Distribution of Child Pornography | October 4, 2012 | 2ss |
| 18 USC §§ 2252A(a)(2)&(b) | Distribution of Child Pornography | October 4, 2012 | 3ss |
| 18 USC §2252A(a)(5)(B) | Possession of Child Pornography | September 20, 2012 | 4ss |
| 18 USC §2252A(a)(5)(b) | Possession of Child Pornography | October 4, 2012 | 5ss |
| 18 USC §2251(a) | Production of Child Pornography | September 2012 | 6ss |
| 18 USC §2251(a) | Production of Child Pornography | September 2012 | 7ss |

As pronounced on November 6, 2015 and as Amended on February 2, 2016, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 2 day of February, 2016.

FRED BIERY
United States District Judge

DEFENDANT:       CARL WADE BAILES
CASE NUMBER:     5:14-CR-00211-FB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of *1620 months or 135 years.*  The total sentence consists of *240 months on each of Counts One (1), Two (2), and Three (3); 120 months on each of Counts Four (4) and Five (5); 360 months on each of Count Six (6) and Seven (7). These terms of imprisonment shall be served consecutive to each other for a total of 1,680. However, the Court reduced the sentence to a term of 1,620 months, same being 135 years due to his military service.*

The defendant shall remain in custody pending service of sentence.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on ▓▓▓▓▓▓▓▓▓▓▓▓▓ to _____
at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CARL WADE BAILES
CASE NUMBER: 5:14-CR-00211-FB(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of life on each of Counts One (1), Two (2), Three (3), Four (4), Five (5), Six (6) and Seven (7) to run concurrent.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall attend and participate in a mental health treatment program and/or sex offender treatment program as approved and directed by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph and all other testing. The defendant will be required to make co-payment based on the defendant's ability to pay as determined by the probation officer.

The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision. This includes not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer.

The defendant shall not associate with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer. The probation officer will notify the designated adult of risks occasioned by the defendant's criminal record or personal history or characteristics. The defendant shall permit the probation officer to make such notifications.

The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

The defendant shall not reside within 1,000 feet of the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, university or playground or a housing authority owned by a public housing authority or within 100 feet of a public or private youth center, public swimming pool or video arcade facility, without prior approval of the probation officer.

The defendant shall refrain from purchasing, possessing, or using any sexually stimulating or sexually oriented materials including but not limited to written, audio and visual depictions, such as, pornographic books, magazines, photographs, films, videos, DVDs, computer programs, or any other media for portrayal of the same.

The defendant shall not possess, or use, a computer, or electronic device with any internet capability at any location (including employment) without the prior written approval of the probation department. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall not use any computer (whether or not equipped with a modem or access to the internet) at any location (whether or not at his place of employment, residence, or elsewhere) without the prior written permission of his probation officer. The defendant shall not possess or use a phone with access to the internet. The defendant will not own or possess any type of camera, photographic device, and or equipment (including video recording equipment), without approval of the probation officer.

The defendant shall have no direct or indirect contact with the victim(s) without the prior written consent of the probation officer.

If required to register under the Sex Offender Registration and Notification Act, the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall participate in the Home Confinement Program for a term not to exceed ‑‑‑‑‑‑‑‑‑ days/months, which will include remote location monitoring using Global Positioning Satellite (GPS) tracking. During this time you will remain at your place of residence except for employment and other activities approved in advance by your probation officer. You will maintain a telephone at your place of residence without "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period. At the direction of the probation officer, you shall wear a transmitter and be required to carry a tracking device. The court further orders that the defendant shall pay for the costs of home confinement, as directed by the probation officer.
officer

**Sex Offender Search and Seizure Condition**: If required to register under the Sex Offender Registration and Notification Act, the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

DEFENDANT: CARL WADE BAILES
CASE NUMBER: 5:14-CR-00211-FB(1)

# CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

5) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6) The defendant shall cooperate in the collection of DNA as directed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

7) If convicted of a sexual offense and required to register under the Sex Offender and Registration Act, that the defendant comply with the requirements of the Act.

8) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

9) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family obligations, and shall comply with the terms of any court order or order of an administrative process requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time, at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

DEFENDANT: CARL WADE BAILES
CASE NUMBER: 5:14-CR-00211-FB(1)

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications, and to confirm the defendant's compliance with such notification requirement.

14) If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

18) The defendant shall participate in workforce development programs and services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

19) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally reenter the United States. If the defendant lawfully reenters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

20) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

21) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

22) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 6 of 6

DEFENDANT: CARL WADE BAILES
CASE NUMBER: 5:14-CR-00211-FB(1)

# CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar Chavez, Blvd, Room G65, San Antonio, Texas 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine  | Restitution |
|--------|------------|-------|-------------|
| TOTALS | $700.00    | $.00  | $.00        |

## SPECIAL ASSESSMENT

It is ordered that the defendant shall pay the United States a special assessment of $700.00. This sum represents $100.00 on each of Counts (1), Two (2), Three (3), Four (4), Five (5), Six (6) and Seven (7). Payment of this sum shall begin immediately.

## FINE

The fine is waived because of the defendant's inability to pay.

## RESTITUTION

The Court notes that defendant receives $2,500 a month in military retirement and Social Security disability and it could be the regulations are that they will stop. On the other hand, if it is possible, the Court would like to see that money continue and go into restitution, not only for out-of-pocket counseling expenses, but for support at the very least of the minor child. If for some reason it cannot go to the family, then alternatively, the Court wants that money to go to the taxpayers and Bureau of Prisons, which $2,500 a month is about what it is going to cost to incarcerate defendant.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.